## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Campbell, Ex Rel, Man, | Civil No. 19-2671 (JRT/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| John Choi, an individual and acting; The State of Minnesota, et al., dba a corporation; Judge Sara Grewing, individual and acting Ramsey County Court Judge; Daniel Robert Rait, an individual and acting Assistant Ramsey County District Attorney; Keith Ellison an individual and acting Minnesota Attorney General; Derek Fitch, an individual and acting Assistant Ramsey County District Attorney; Judge Paul P. Yang, an individual and acting Ramsey County Judge; Adam Bailey, an individual and acting Saint Paul Police Officer; Ramsey County Court Second Judicial District, State of Minnesota; and Bob Fletcher, an individual and acting Ramsey County Sheriff State of Minnesota, et al, | |
| Defendants. | |

Petitioner James Paul Campbell is awaiting trial in state court on charges of first- and second-degree sale of illegal substances. *See State of Minnesota v. Campbell*, No. 62-CR-19-2942 (Minn. Dist. Ct.). Campbell has filed a petition for a writ of habeas corpus (Doc. No. 1) seeking to challenge the validity of that prosecution. *See* 28 U.S.C. § 2241. The petition is now before the Court pursuant to Rule 4 of the Rules Governing

1

Section 2254 Cases in the United States District Courts.[1] After review, this Court recommends dismissal of Campbell's petition for failure to fully exhaust alternative remedies in the state courts.

"Even though the statutory language of § 2241(c)(3) does not contain an exhaustion requirement, in the context of pretrial habeas petitions, 'federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Eremy v. Ramsey County, Minnesota*, No. 17-CV-0083 (WMW/KMM), 2017 WL 3432067, at *1 (D. Minn. Apr. 21, 2017) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). A state detainee ordinarily must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available.[2] *See, e.g.*, *Sacco v. Falke*, 649 F.2d 634, 635–36 (8th Cir. 1981) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)).

Campbell's challenges to the state-court prosecution are not easily classified—he contends, for example, that the State of Minnesota lacks authority to license the attorneys who are acting as prosecutors in the matter; that the United States Department of State

---

[1]   Campbell's habeas petition is not brought under 28 U.S.C. § 2254, because he is not now subject to a state-court judgment, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

[2]   An exception to this rule exists where a petitioner's double-jeopardy or speedy-trial rights are at issue. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973) (speedy trial); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (double jeopardy). Neither of those constitutional rights is implicated by Campbell's habeas petition.

has failed to provide the necessary notice of suit under 28 U.S.C. § 1608 and 22 C.F.R. § 93.2; that the warrant for his arrest lacked a wet-ink signature and was therefore invalid; that, as an "imaginary person" and paper construct, the State of Minnesota may not commence prosecution of a living person—but each of his claims may be raised in the state courts during the course of the ongoing criminal litigation. (*See* Doc. 1, Pet. 3–6.) Should Campbell fail to convince the state trial court of his arguments, and should Campbell be found guilty of the offenses with which he is charged, he may raise his arguments again on appeal. But "[a]bsent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *See Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974). Because such "extraordinary circumstances" are not present here, this Court recommends that this matter be dismissed without prejudice.

One matter merits further comment: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *accord Evans v. Circuit Ct. of Cook County, Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (concluding that "a state prisoner being held after an indictment or preliminary hearing, who seeks pretrial release, needs a certificate of appealability in order to appeal from a district court's decision denying a petition for a writ of habeas corpus."). A certificate of appealability ("COA") cannot be granted unless the petitioner "has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Campbell's current habeas corpus petition differently than it is being treated here. Campbell has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Campbell should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE**.

2. No certificate of appealability be issued.

Dated: October 18, 2019            _____
                                    Becky R. Thorson
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).