**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JAMES PAUL CAMPBELL, *ex rel*, Man,<br><br>Petitioner,<br><br>v.<br><br>JOHN CHOI, an individual and acting; THE STATE OF MINNESOTA, et al., dba a corporation; JUDGE SARA GREWING, individual and acting Ramsey County Court Judge; DANIEL ROBERT RAIT, an individual and acting Assistant Ramsey County District Attorney; KEITH ELLISON an individual and acting Minnesota Attorney General; DEREK FITCH, an individual and acting Assistant Ramsey County District Attorney; JUDGE PAUL P. YANG, an individual and acting Ramsey County Judge; ADAM BAILEY, an individual and acting Saint Paul Police Officer; RAMSEY COUNTY COURT SECOND JUDICIAL DISTRICT, State of Minnesota; and BOB FLETCHER, an individual and acting Ramsey County Sheriff State of Minnesota, et al,<br><br>Respondents. | Civil No. 19-2671(JRT/BRT)<br><br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

James Paul Campbell, c/o 1360 University Ave., #460, Saint Paul, MN 55104, *pro se* petitioner.

Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101-2134, for respondents.

Petitioner James Paul Campbell filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging the validity of his pending state-court prosecution for the sale of illegal substances. Magistrate Judge Thorson issued a Report and Recommendation (R&R) recommending that the Court dismiss Campbell's habeas corpus petition for lack of jurisdiction. Campbell subsequently filed objections to the R&R. Because Campbell has failed to exhaust the state-law remedies for the alleged wrongs, and because he has not shown that his prosecution constitutes "extraordinary circumstances" justifying the Court's intervention, the Court will overrule Campbell's objections and adopt the Magistrate Judge's R&R.

## BACKGROUND

Campbell is awaiting trial in state court on charges of first- and second-degree sale of illegal substances. *See State of Minnesota v. Campbell*, No. 62-CR-19-2942 (Minn. Dist. Ct.). Campbell filed a petition for a writ of habeas corpus seeking to challenge the validity of that prosecution. (Petition, October 4, 2019, Docket No. 1.) Among other claims, Campbell argues that the State of Minnesota lacks authority to license the attorneys who are acting as prosecutors in the matter and that in granting the prosecuting attorneys a "certificate" the State of Minnesota has deputized them as members of the State's Judiciary and they must recuse themselves to avoid a conflict of interest. (*Id.* at 3–4.) He also argues that the United States Department of State has failed to provide the required notice of suit; that the warrant for his arrest lacked a wet-ink signature and was therefore

invalid; that the State of Minnesota is an "'Imaginary Person' Corporation," incapable of prosecuting a living person; and that the State of Minnesota has violated his rights under the 6th Amendment's Confrontation Clause by failing to supply an "injured party" as a "Plaintiff." (*Id.* at 3–6.) Campbell's motion demands, as redress of these alleged wrongs, a cancellation of his prosecution, a response to his petition, and $2,000,000 in damages. (*Id.* at 6–7.)

After reviewing Campbell's petition, the Magistrate Judge found that Campbell had failed to exhaust his available remedies in state court. (R&R at 2, Oct. 18, 2019, Docket No. 2.) The Magistrate Judge also found that Campbell's situation did not constitute "extraordinary circumstances" justifying the Court's intervention in a pending state criminal case. (*Id.* at 3.) Because of the failure to exhaust state law remedies and the lack of extraordinary circumstances justifying that failure, the Magistrate Judge recommended that the Court deny Campbell's petition. (*Id.* at 4.) The Magistrate also recommended against granting a certificate of appealability ("COA"). *Id.* Campbell filed objections to the R&R on October 28, 2019. (Obj.'s to R&R, Docket No. 3.) On December 20, 2019, Campbell filed an additional set of objections to the R&R. (2d Obj.'s to R&R, Docket, Docket No. 4.)[1] The Court will consider both sets of objections together.

**DISCUSSION**

---

[1] Local Rules require a party to file objections within 14 days of being served with the R&R. D. Minn. LR 72.2(b)(1). Although the Magistrate Judge issued the R&R on October 18, 2019, the Court notes that Campbell's address was entered into the Court's filing system incorrectly and, as a result, he was not formally served with the R&R until at least December 6, 2019. As such the Court considers Campbell's Second Objections to be timely.

## I. STANDARD OF REVIEW

Upon the filing of an R&R by a Magistrate Judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). On nondispositive matters, the Court reviews any portion of the Magistrate Judge's order that has been timely objected to, and will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a).

## II. CAMPBELL'S OBJECTIONS

Campbell objections to the R&R appear to fall into three general categories. First, he objects to the Magistrate Judge's finding that Campbell must exhaust state remedies and argues that exhaustion would be futile. Second, Campbell argues that, contrary to the R&R, his circumstances are extraordinary enough to warrant the Court's intervention. Third, Campbell objects to the denial of a COA, stating there is a need for precedent in this area of law and the Eighth Circuit should therefore intervene.

### A. Ordinarily Petitioners Must Exhaust State Law Remedies

Campbell argues that the Magistrate Judge erred in finding that he must first exhaust state remedies prior to bringing a habeas petition. Campbell notes that the

statute does not contain an explicit exhaustion requirement, and attempts to distinguish his situation from prior cases.

Under the doctrine of *stare decisis*, courts are generally bound by previous decisions on the same issues. *See, e.g.*, *Dickerson v. United States*, 530 U.S. 428, 443 (2000). A district court must follow decisions from higher courts. *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989); *Hennepin Cty. v. Fed. Nat. Mortg. Ass'n*, 742 F.3d 818, 823 (8th Cir. 2014).

The Court is bound by substantial caselaw confirming that a petitioner seeking habeas relief must ordinarily first present their arguments to state court, even when bringing a constitutional challenges to state process.[2] *See, e.g., Rose v. Lundy*, 455 U.S. 509, 520, 522 (1982) (upholding "strict enforcement of the exhaustion requirement.")

Additionally, under the doctrine of *Younger* abstention, "federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999) (citing *Younger v. Harris*, 401 U.S. 37, 43–44 (1971)). Addressing this motion would constitute interference with the ongoing state prosecution as the Court would be required to decide issues before the state court has had a chance to fully assess them.

---

[2] Campbell argues that he is not required to exhaust his remedies and cites to *Monroe v. Pape*, 365 U.S. 167, 183 (1961), *overruled on other grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, (1978). *Monroe* clarifies that a plaintiff making a claim under 42 U.S.C. § 1983 is not required to utilize state remedies; it does not negate the exhaustion requirements for habeas corpus. Because Campbell makes no claims under § 1983, *Monroe* does not apply.

Campbell also asserts that he need not exhaust his state law remedies because such an attempt would be futile. Campbell does not provide any detail about why he believes such an attempt would be futile. "[I]t is well settled that only after some clear manifestation on the record that a state court will refuse to entertain petitioner's claims will the exhaustion requirement be disregarded as futile." *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir. 1984) (quoting *Powell v. Wyrick*, 657 F.2d 222, 224 (8th Cir. 1981)). Campbell has made no showing that Minnesota courts would refuse to hear his claims.

### B. Campbell has Not Demonstrated Extraordinary Circumstances

Campbell also argues that the Magistrate Judge erred in finding that Campbell has not demonstrated extraordinary circumstances.

Even where a petitioner has not exhausted their state law remedies, they may still be entitled to federal habeas relief under "extraordinary circumstances." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). There is no clear test articulating what constitutes "extraordinary circumstances" in this context. Previous courts, however, have focused on situations where "the right cannot be fully vindicated on appeal following final judgment." *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) (citing *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03 (1984)). This has included where a petitioner's double jeopardy or speedy trial rights are at issue. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973) (speedy trial); *Satter*, 977 F.2d at 1261 (double jeopardy).

Campbell asserts, without more, that his double jeopardy and speedy-trial rights have been violated. However, Campbell's arguments do not fall into any of the established categories of extraordinary circumstances. While Campbell uses his Objections to add additional complaints about the state court process – that the State lacks subject-matter jurisdiction, that Ramsey County District Court is violating the 11th Amendment by claiming to represent the State of Minnesota, that the government is failing to turn over evidence – he has not demonstrated extraordinary circumstances sufficient to overcome the ordinary exhaustion requirements. He has not shown that his rights cannot be vindicated in state court. As discussed above, his assertion of futility, without more, is insufficient. If Campbell believes the evidence against him is insufficient, or obtained in violation of his constitutional rights, he may so argue at trial.

The Court finds that Campbell has shown no reason why his asserted rights may not be vindicated in state court, and has not shown the existence of "extraordinary circumstances." The Court thus lacks jurisdiction to consider the petition. The Court will overrule Campbell's objections and adopt the R&R.

### C. Certificate of Appealability

Finally, Campbell objects to the Magistrate Judge's recommendation that the Court decline to grant a certificate of appealability ("COA").

A court may only grant a COA when there has been a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner must show that the

issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).

Campbell asserts that the Court should nonetheless grant him a COA because it would be valuable for the Eighth Circuit to review his case to generate additional precedent. However, the issues that Campbell presents are not debatable and are the subject of well-settled law. The Court therefore declines to grant Campbell a COA.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket Nos. 3 and 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated October 18, 2019, [Docket No. 2]. Therefore, **IT IS HEREBY ORDERED** that petitioner James Paul Campbell's Petition for habeas corpus [Docket No. 1] is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 10, 2020  
at Minneapolis, Minnesota.

                                                          JOHN R. TUNHEIM  
                                                            Chief Judge  
                                                      United States District Court